I don't I don't have you yet here. I mean, yeah, there we are Get you in the middle of middle of my screen. All right good Mr. Fraser again. Okay. Thank you honors may please the court Counsel good morning. Your honors RJ Zayed and Nick Bullard on behalf of Brett Palkowitsch the sentencing court in this case made two Procedural errors that are unreasonable The first error is the court failed to explain its reasons for rejecting. Mr. Palkowitsch's non-frivolous argument concerning Sentencing disparity and the nine comparator cases that he provided to the court simply those Radio silence from the court the court didn't explain Itself at all specifically honors if you look at the sentencing transcript pages 45 to 48 the court Goes through the sensing factors and identifies about 12 different reasons for the sentence but I submit to the court all those 12 reasons apply with equal force if not greater force to every single section 242 criminal case involving a police officer And so best authority that a judge is required to reconcile a sentence with What you call comparator cases from around the country. I think I would say I would argue that Rita Wheeler and Lucas Compels it Rita is a Supreme Court case. I know Rita what what quarter Wheeler and Lucas from our court? The fourth circuit and the sixth circuit your honor those involved downward departures and in fact in One of them I believe it was a Lucas. It was twice sent back down Because the district court did not address Why it rejected the arguments that the defendant made and that's the problem we have here. That's a different point though, that's a different point whether they court adequately addressed the arguments, but You seem to be saying if some judge in North Carolina Gives a sentence then the judge in the 8th Circuit is required to Reconcile with what the judge in North Carolina did why would that be why is that the law? No, that's not exactly my argument. Is that if I make a non-frivolous argument as Defendant and I presented to the court for a downward departure the court must Address my arguments and explain to me Why it's rejecting my arguments. I'm not saying it has to what's your best? What's your best 8th Circuit case for that proposition? I Would say my best 8th Circuit case I'll go to United States vs. Lee Which was I believe authored by a member of the panel here in that case the court acknowledged that Given the circumstances based on Rita given the circumstances The court may have to provide an adequate explanation Such that the defendant knows why he received a sentence such that the public knows why that sentence was given Such a sentencing commission can understand that and more importantly such that this court can give Meaningful appellate review and that case involved a felon in possession, Your Honor In which the arguments were based on Child abuse diminished mental capacity and the court Points here as I understand it one is the adequacy of the explanation and the other is your argument That there was an insufficient distinction between this case and what you call comparator cases. That's correct, Your Honor All right. Well the adequacy of the explanation I think is well settled in our circuit that it's required I mean that's in the statute But is that is that all you're arguing that the judge didn't give enough explanation for the sentence or are you tying that to Distinguishing comparators I'm tying that to distinguishing comparators because here, Your Honor, you had This case was prosecuted By the main Department of Justice the Civil Rights Division and the prosecutor himself who prosecuted this case Stood before the court and told the court, Your Honor, this is very similar to the Boone case In the Boone case we gave the man a 63 sentence and Your Honor I believe here given the mitigating factors in this case that this man, Fred Falkovich Sixty sentences more than enough. That was a very detailed Response and this is the main justice. They prosecute these cases across the country This prosecutor does it day in and day out for a living And what if the judge here said I think Boone should have received more time Well, that's That would be for the judge to tell us that I would agree with Your Honor that that may be a sufficient explanation saying Look, she's not bound by the Boone case. Not at all. Not at all, Your Honor. All I'm saying is how can she Evaluate the Boone case if she doesn't have the Boone case before her It was brought up to her in a briefing to the court and also the actual prosecutor said Went into detail and explained to the judge We don't want cherry-picked. This case is most similar to here and here's why it involves an officer who shows up The struggle is already ongoing and this police officer all 400 pounds of him takes a running start Runs up to this person and kicks him smack in the face knocking his teeth out and stuff like that and he says in that circumstance that guy lied in his report tried to Diminish what he did and was not sorry for it contrary to mr. Palkowitz who has apologized and who in my experience is a heartfelt apology and Who's willing to make amends by going to police departments and explaining why it is that he did wrong in the crimes that he? Committed such it doesn't happen again given those circumstances runner I believe 60 month sentences do now the sentencing court did not respond to that and said Counsel no, that's not right sentencing court responded to the the heartfelt apology and said Analyze that at some at some length about about its apparent sincerity or insincerity and the lack The bragging after the fact and so forth. There's a lot of explanation here Not in terms of boom, no, that's fair about every single explanation she gave Applies to boom every single one. And in fact, we'll never apologize We'll follow try to diminish his conduct We'll hurt somebody seriously. We'll betray his trust as a police officer This You know That made the community Distrust things every single factor the effects were not isolated and far-reaching you put an innocent man in the hospital You permanently scarred this person your actions have some distrust in the community your general lack of remorse every single thing lack of compassion Bragging show no well-being all that applies to booing exactly So what the court needed to do and where it's plainly inadequate the court needed to private explanation You know as judge Thompson said she could have said yeah Boom was too light all the cases you gave are not too light are too light. This is a very serious sentence I read those cases. I understand but I don't go along with it. Here's my sense and here's the reasons why That would have been an adequate Case and I would not be standing here before arguing plainly inadequate explanation But the principle you're arguing for would Expand sentencing proceedings Dramatically you would have defense counsel running around the country running around the country by research, of course looking for my boon Not a sir, and then serving it up and saying judge you have to explain why my comparison is you're rejecting So we would have we would have a general statutory objective of reducing of avoiding disparity turning into a mandatory sentencing of Comparison sentence comparison of sentence any sentences defense counsel wanted to throw up That that's I Respectfully disagree on and here's why that's what I guess what I hear you arguing No, my argument is that as Rita indicated as this court says you need to give sufficient Explanation that shows that you heard Considered and rejected for this reason That's all that's required. No, we have to we have to have a sufficient explanation to have meaningful appellate review Which does not which does not require whether the sentence given to a similar defendant in Maine Six months ago was was has to be compared to this one The explanation could be as simple as I disagree with that sentence But then you're having the district judges have to constantly criticize other district judges and say and give Opinions on cases that they didn't hear as to what a an inmate should have been really serving as a sentence Is that really? Where the law should go? No. Yeah, I think mr. Palforge was entitled to know why he got sentenced harsher than Boone Do you think it's implicit that the judge Didn't agree with Boone No, there's nothing in the record page 45 to 48 to indicate what there's nothing in the record that shows a factor that Exists in mr. Palkovich's case that did not exist in Boone. My time is up your honors. Thank you Thank you I Hope I came close Good morning, your honors. It's Babazadeh May it please the court Natasha Babazadeh for the United States This court should affirm the defendants below guidelines sentence. The district court did not commit procedural error Sentencing the defendant to 72 months in prison and that sentence was substantively reasonable This court reviews a sentence for an abuse of discretion and the district court has broad discretion in imposing its sentence Turning first to procedural error The defendant argues that the district court failed to consider the party's comparator cases and to adequately explain its sentence Those arguments lack merit the context of this court's review is the entire Sentencing record and that record demonstrates the court addressed the defendants arguments particularly the need to avoid unwarranted disparities and provided an in-depth and thorough explanation for its sentence the district court correctly calculated the guideline range and night neither party objected to that in Setting this range the Sentencing Commission already incorporates the need to avoid unwarranted disparities the court Explicitly acknowledged the defendants sentencing brief and the joint sentencing agreement and made clear to both parties that it was not bound by that agreement It heard parties from both arguments including statements from the defendant and the victim in this case It then considered the three five five three a factors explicitly mentioning the need to avoid unwarranted disparities and made clear that the sentence was appropriately tailored to the facts and circumstances of this case The court then explicitly responded to the defendants arguments and discussed the various aggravating and mitigating Circumstances of this case to support its below guideline sentence the defendant argues of the the court was required to explicitly address the comparator cases and that is wrong as This court has made clear not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge and the defendant cites no case requiring a district court to Judge Logan and judge Colton referenced earlier and the defendant But the district court here did respond to the defendants arguments for a lesser sentence. Judge if we did get into the Boone case I Thought Boone was sentenced within the guideline range to 63 months if I understood that case, right? Are you familiar with the particulars of Boone? Yes, your honor the court there did sentence Boone to within the guideline range there must have been something about this case that Resulted in a higher guideline range The court in Boone did not apply the The enhancement for using a weapon But if it would have it would have been a higher or similar guideline range So that was it within guideline sentence your honor Without taking into consideration that similar enhancement and the court here imposed a below guideline sentence Now Boone was nine months less than the defendant sentence here first The guidelines do not require district courts to impose identical sentences Second the defendant offers no case that requires the district court to impose That record that has found that nine months is a meaningful disparity and third even if this court finds that nine months is Meaningful the factual circumstances of this case justify a greater sentence as the district court provided in the hearing and Explained the the extent of the victim's injury here Seven broken ribs and two collapsed lungs as the victim testified at the hearing He will never be able to lead a normal life again He has to take 18 pills in order to ensure that his heart continues to work and that his lungs continue to work Lastly as we pointed out in our briefs are also other non-fatal 242 excessive force cases where a defendant received a higher sentence than Popovich did returning to the procedural The arguments about procedural error your honor the district court here did did explicitly address the defendant's argument The defendants the defendant argued that his conduct amounted to a single isolated incident and the district court Explicitly responded to this and stated that even though it might have been an isolated incident The impact was far-reaching again emphasizing the severity of the victim's injury in this case That's as a result of the defendants conduct other officers who attempted to speak out about that conduct and hold them accountable They faced retaliation and the defendants conduct contributed to a distrust of police in the community The defendant also represented that he accepted responsibility That that he was not going to appeal his conviction that he had demonstrated remorse and he provided his apology the district court again explicitly responded to all of that the the district court relied on the evidence at trial which Established that there was a significant lack of remorse from the defendant that the defendant bragged about his His use of force and the injuries that he caused to the victims and he misrepresented and downplayed that force in his police report The district court also mentioned that the police chief testified that the defendant refused to admit he was wrong Now here the district court Welcomed the apology and within her discretion doubted its sincerity She she the district court stated that it was unclear whether the defendant was Apologizing for his misconduct or if he was apologizing for being accountable for being held accountable for his misconduct the defendant also the defendant also Offered letters of support made representations about his exemplary life outside of his use of force and the fact that he already Experienced consequences as a result of his conviction again, the district court explicitly and not acknowledged all of this It acknowledged the letters It stated that it was grateful for them because it was evidence that it was he was more than his crime and the district court Was mindful that the defendant had done many good things as well and she noted the collateral causes as well The district court took into consideration the defendants arguments and explicitly addressed them while explaining the basis for its sentence In doing so the district court did not commit procedural error The district court also did not abuse its discretion and it's below guideline sentence, which is substantively reasonable for this case This court has been clear and stated many times that where a district court has sentenced a defendant Below the advisory guideline range. It is nearly inconceivable That the court abused its discretion and not varying downward further That is largely because the guideline range already incorporates the need to avoid unwarranted disparities and Affords district courts broad discretion in imposing its sentence the district court here set forth in detail the various aggravating and mitigating circumstances of this case and that Justified a below guideline sentence that was still greater than the range set forth in the joint sentencing agreement Which again the district court made clear and correctly so that it was not bound by And despite the defendants assertions to the contrary the district court sentence does not create an unwarranted disparity among defendants First the district court did not abuse its discretion and not considering the majority of the cases the defendant offered on appeal That was not represented before the district court Second even looking at the 11 comparator cases defendant offered below they are not comparable and they are distinguishable The defendant on appeal states that there are only nine but there was an additional two that were state convictions But of the nine federal cases two of them didn't even involve an excessive force conviction two of them involved defendants whose sentences were vacated because they were too low and those defendants have not been resentenced that was George and Dadovic One defendant's sentence was vacated twice for being too low before the district court finally imposed a within-guideline sentence Two didn't have any factual similarities one involved a car shooting and another involved an officer Merely slapping the victim in the face resulting in minor injury and one involved a within-guideline Sentence of 90 months for an officer that used a chokehold That was again a within-guideline sentence much greater than the sentence here The remaining case is Boone which both parties agree is the most analogous case in which I addressed earlier But at bottom your honors the district court considered the 355 3a factors and Discussed the reasons for its sentence at length all of which support its below-guideline sentence of 72 months in prison The district court did not yes counsel the cases that you enumerated there for all of them Did all of them involve sentences imposed by a judge other than the district judge we have in this case As far I am NOT completely certain but as far as I am aware Many of them are out of circuit and out of district. And so yes, I do think All of them were from a different district court judge, but I'm not completely certain You're here recommended a term of 60 months At the sentencing hearing is that correct? I'm sorry, your honor. You cut out at the beginning is was your question I said is it is it accurate that the prosecutor here compared this case to Boone and recommended 60 months as a term? I Yes, your honor in the joint sentence in the joint in in the sentencing hearing initially the prosecutor in his sentencing position and his sentencing brief recommended a sentence of 87 months on the bottom end of the guideline range And offered Boone as well as several other case cases as I can as comparator cases but in in response to the In order to bridge the gap because the defendants the defendants counsel below offered Probation argued for probation and the initial sentencing brief. They they came up with the joint sentencing agreement where the defendant Agreed to apologize and offered to waive his ability to appeal his conviction If so, I see that my time is up your honors if there are no further questions The United States asked that this court affirmed the defendants below guidelines sentence. Thank you Thank you It's their rebuttal time I'll give you a minute for a bottle if you'd like. Mr. Frazier Thank you, you're muted My apologies, your honor, thank you. Very briefly to address your concern judge Loken I would turn your ask you to Page six of our reply brief. We discussed 11th Circuit Court of Appeals that have vacated and remanded the sentences or Failing to argue the disparity issue. In fact, seven circuits have applied the rule to vacate the sentence Whereas here the sentencing judge failed to address the defendants material sentence disparity arguments It's there on page six of our reply brief and footnote five. Finally one point that I forgot to mention on My opening is that the judge also committed procedural errors in sentencing because the judge applied the sins of other officers So mr. Palkovich and then specifically the prosecutor relies on it The judge at sentencing said quote on page 47 It's not lost on me that the officers who had the courage to speak up against you and were tempted to hold you accountable For your actions. They face retaliation There wasn't not one This is in the brief and it goes beyond Thank you, I appreciate your time and thank you for the extra time Thank You counsel case has been well well well briefed and well argued and taken under advisement